UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                  :

FRED ALSTON, *as a Trustee of the Local 272 Labor-*   :
*Management Pension Fund and of the Local 272 Welfare*   :
*Fund*,                               :

                     :           25 Civ. 8123 (JPC)
            Plaintiff,     :
                     :              <u>ORDER</u>
    -v-                  :
                     :

SURREY GARAGE 54TH STREET LLC, *et al.*,   :

                     :
         Defendants.   :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Fred Alston filed the Complaint in this action on October 1, 2025.  Dkt. 1.  Each Defendant was served with a Summons and the Complaint on October 27, 2025, making their deadline to respond November 17, 2025.  Dkts. 6, 7, 8.  After none of those Defendants appeared in the action, the Court extended their deadlines to appear and answer to November 24, 2025. Dkt. 9.  To date, no Defendant has appeared in this action.  Plaintiff sought Certificates of Default on November 25, 2025, Dkts. 11-12, which the Clerk of Court issued on November 26, 2025, Dkt. 13.

By December 22, 2025, Plaintiff shall move for default judgment as to Defendants, in accordance with Local Civil Rule 55.2 and 3.D of the Court's Individual Rules and Practices for Civil Cases, or show cause why this case should not be dismissed for failure to prosecute.  Under this Court's Individual Rules, Plaintiff must serve his motion for default judgment and supporting paperwork on Defendants by December 22, 2025, and must file an Affidavit of Service on ECF by December 24, 2025.  Defendants shall file any opposition to the motion for default judgment no later than January 7, 2026.  Plaintiff shall file any reply by January 14, 2026.

Upon a motion for default judgment, the Court must "accept[] as true all of the factual

allegations of the complaint, except those relating to damages," and grant the Plaintiff "all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). But the Court must also "determine whether the [Complaint's] allegations establish [Defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Accordingly, Plaintiff's supporting brief shall explain why the Complaint states a claim with respect to each cause of action for which default judgment is sought, including by identifying how each element of the cause of action is satisfied by the well-pleaded allegations of the Complaint. Failure to do so may result in the denial of default judgment as to that cause of action.

In its supporting brief, Plaintiff shall also explain why its service as to each Defendant was proper, as this Court "may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." *E.g.*, *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, No. 17 Civ. 1585 (GHW), 2017 WL 3242331, at *2 (S.D.N.Y. July 28, 2017) (internal quotation marks omitted); *see also Aspex Eyewear, Inc. v. Cheuk Ho Optical Int'l Ltd.*, Nos. 00 Civ. 2389 (RMB), 01 Civ. 1315 (RMB), 2005 WL 3501900, at *1 (S.D.N.Y. Dec. 21, 2005) ("A default judgment obtained by way of defective service is void *ab initio* and must be set aside as a matter of law. Plaintiff has the burden of demonstrating that service was proper." (internal quotation marks omitted)). Failure to do so, once again, may result in the denial of default judgment.

It is further ordered that Defendants appear and show cause at a hearing before this Court on January 30, 2026, at 11:00 a.m., why an order should not be issued granting a default judgment against Defendants. That hearing shall take place telephonically. At the scheduled time, counsel for all parties should call (855) 244-8681, access code 2302 755 2307. In the event that Defendants do not appear, Plaintiff's counsel should be prepared to discuss any communications with Defendants or representatives for Defendants regarding their litigation and any intent to challenge

2

the suit, including discussions about the alleged illegal conduct prior to the filing of the lawsuit; how Defendants were served with the Summons and Complaint and this Order; why Plaintiff's counsel is confident that Defendants have been served with those documents and have received notice of the hearing; and the method for calculating damages. In the event that Defendants appear in this action and oppose the motion for default judgment prior to the scheduled court appearance on January 30, 2026, that court appearance shall also serve as an Initial Case Management Conference pursuant to 5.B of the Court's Individual Rules and Practices in Civil Cases.

Plaintiff shall serve Defendants via overnight courier with a copy of this Order within one week of the date of this Order. Within two business days of service, Plaintiff must file proof of such service on the docket.

SO ORDERED.

Dated: December 8, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge