UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                         :
FRED ALSTON, *as a Trustee of the Local 272 Labor-*        :
*Management Pension Fund and of the Local 272 Welfare*   :
*Fund*,                                                                   :
                                                                         :
                                    Plaintiff,            :               25 Civ. 8123 (JPC)
                                                                         :
                 -v-                                       :               ORDER
                                                                         :
SURREY GARAGE 54TH STREET LLC, *et al.*,      :
                                                                         :
                                    Defendants.           :
                                                                         :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

The Court has scheduled a hearing on Plaintiff's motion for default judgment for January 30, 2026, at 11:00 a.m. Dkt. 14. Upon review of Plaintiff's motion papers and other filings in this case, the Court has identified a number of issues that Plaintiff must address before the hearing.

First, Plaintiff's counsel has made contradictory representations about his knowledge of the Defendants' mailing address, which may implicate whether Defendants received adequate notice of the upcoming hearing. In an affidavit of service dated December 18, 2025, Plaintiff's counsel represented that he served Defendants with the Order scheduling the hearing by mail, though he did not provide the address to which he mailed the Order. Dkt. 15. On December 22, 2025, Plaintiff's counsel submitted a declaration in support of default judgment stating that Defendants' principal office is located at 439 East 77th Street, New York, New York 10021. Dkt. 16 ("Dubin Decl.") ¶ 17. On December 23, 2025, Plaintiff's counsel submitted an affidavit stating that he served his default judgment motion papers by e-mail because did not know Defendants' mailing address. Dkt. 20 at 2. And on December 26, 2025, he submitted another affidavit stating that Defendants' last known address was 111 John Street, New York, New York 10038. Dkt. 21 at 2.

Second, it is not clear from Plaintiff's submissions on what basis Plaintiff claims that the collective bargaining agreement, Dkt. 16, Exhs. G-H, was in effect from July 1, 2024, to February 28, 2025, the period for which Plaintiff seeks relief.  *See* Dubin Decl. ¶ 2; Dkt. 1 ("Compl.") ¶ 18. On a default judgment motion, the Court must "determine whether the [Complaint's] allegations establish [Defendants'] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

Third, even if the collective bargaining agreement was in effect during that period, Plaintiff's submissions appear not to allege facts showing that Defendants were bound by that agreement or otherwise were "employer[s]" obligated to make contributions pursuant to 29 U.S.C. § 1145.  *See* Compl. ¶ 10; *see also* 29 U.S.C. § 1002(5).

Accordingly, by January 29, 2026, at 12:00 p.m., Plaintiff shall submit a letter no longer than three pages addressing (1) the discrepancies in Defendants' addresses, (2) to which address Plaintiff's counsel mailed the Court's scheduling Order, Dkt. 14, and why that was adequate to give notice to Defendants of the hearing, (3) the basis for Plaintiff's claim that he is entitled to relief for the period of July 1, 2024, to February 28, 2025, and (4) the basis for alleging that Defendants were obligated to make contributions under 29 U.S.C. § 1145.  Alternatively, Plaintiff may request an adjournment of the default judgment hearing and seek leave to amend his Complaint to address any pleading deficiencies or otherwise to supplement his default judgment motion papers.  *See* Fed. R. Civ. P. 15.

Plaintiff shall serve Defendants via overnight courier with a copy of this Order within two days.  Within one day of service, Plaintiff must file proof of such service, including shipping labels, on the docket.

SO ORDERED.

Dated: January 27, 2026
New York, New York

JOHN P. CRONAN
United States District Judge